# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

ALFORD SAFETY SERVICES, INC. *  Civil Action No.:10-1319
  *Plaintiff*     *
      *  Section: "B" (Lemelle)
    v.    *
      *  Magistrate: "2" (Wilkinson)
HOT-HED, INC.,     *
HOT-HED SALES & SERVICE, INC. *
AND       *
SAFEZONE SAFETY SYSTEMS, LLC *
  *Defendants*    *

## CONSENT JUDGMENT

Having considered the foregoing Joint Motion of Plaintiff ASSI and Defendant Safezone for Entry of Consent Judgment:

IT IS ORDERED, ADJUDGED AND DECREED that:

A. JURISDICTION, RIGHTS AND SETTLEMENT

1. Plaintiff, ASSI, is a Louisiana corporation with its principal place of business located at 207-209 Clendenning Rd., Houma, Louisiana 70363. Defendant, Safezone, is a Louisiana limited liability company with its principle place of business located at 215 Venture Blvd., Houma, Louisiana 70360. The Court has jurisdiction over the parties as well as the subject matter of this lawsuit.

2. On August 31, 2004, U.S. Patent No. 6,783,054 entitled "System for Controllably Conducting Welding Operations Adjacent Flammable Materials and Method of Welding Adjacent Flammable Materials" was duly issued to Clyde W. Pregeant, Jr. et al., and on June 30, 2009, an Inter Partes Reexamination Certificate was duly issued for U.S. Patent No. 6,783,054 (U.S. Patent No. 6,783,054, together with any reexaminations or reissues

1

thereof, collectively the " '054 Patent").  The '054 Patent has been duly assigned to ASSI.

3.  ASSI and Safezone executed a settlement agreement effective ("Effective Date") on or about December 31, 2011 (as amended from time to time, the "Settlement Agreement"), in the form attached hereto as Exhibit 1, the terms of which are hereby incorporated by reference into this Consent Judgment.

4.  The Settlement Agreement attached hereto as Exhibit 1 has been filed under seal by the parties and the Settlement Agreement shall be and is sealed by order of this Court.

5.  The Settlement Agreement including all of its terms are made a part of this Consent Judgment.

6.  All parties shall carry out each and every of their respective obligations and duties under the Settlement Agreement.

7.  The provisions of this Consent Judgment bind ASSI and Safezone and their respective heirs, assigns, licensees and successors in business or interest, and all persons and entities claiming through them.

8.  Jurisdiction is retained by this Court to enable any of the parties to this Consent Judgment to file a motion with this court, seeking  further orders or directions as may be necessary or appropriate for the construction or implementation of this Consent Judgment, for the enforcement of any of its provisions, and for the punishment of any violation hereof, provided the motion is filed within a reasonable period ot time.

B.   VALIDITY AND ENFORCEABILITY; CLAIM CONSTRUCTION

9.  Except as set forth in paragraph 10 herein, the '054 Patent is hereby declared valid and enforceable in all respects; and, neither Safezone, nor Safezone's successors and assigns,

nor Safezone's members, managers or executive officers, nor, on behalf of Safezone, Safezone's other officers, employees and agents, shall challenge or otherwise contest, and are forevermore precluded from challenging or otherwise contesting, the validity and/or enforceability of the '054 Patent in any proceedings before any court, tribunal or agency, including without limitation the United States Patent and Trademark Office ("USPTO"). For the avoidance of doubt, filing or otherwise submitting any prior art, arguments or any other submission whatsoever in any proceeding with the USPTO, where said proceeding is directed toward the '054 Patent, shall be deemed to be a challenge of and to the validity and enforceability of the '054 Patent under this paragraph.  Subject to paragraph 10, the provisions of this paragraph shall preclude litigation of validity and enforceability of the '054 Patent for all past, present or future activities, products, and processes whatsoever.

10. Notwithstanding the provisions of Paragraph 9 herein, Safezone retains the right, to the extent it has such right, to assert grounds for invalidation of the '054 Patent where said grounds are strictly limited to invalidity arguments exclusively supported by an alleged violation by ASSI or Its Interests of, or failure of ASSI or Its Interests to satisfy the requirements of, any provision of 35 U.S.C. §§ 301-307 & 311-318 (the "Reexam Invalidity Arguments").  The foregoing notwithstanding, if Safezone asserts a Reexam Invalidity Argument, and in response to said argument ASSI raises an issue related to the invalidity or unenforceability of a claim due to a violation of, or failure to comply with the requirements of,  35 U.S.C. § 112, Safezone shall retain the right to assert invalidity arguments under 35 U.S.C. § 112 in rebuttal to said response.  Except to the extent that ASSI can prove that it would be materially prejudiced, Safezone shall have the right to assert and have ruled upon an above-permitted validity or enforceability challenge on an

expedited basis and prior to the completion of claim construction proceedings (where, in any event, such expedited validity or enforceability challenge can precede general discovery).

11. Except as set forth in paragraph 12 below, Safezone shall never object to, contest, advocate against, traverse or otherwise challenge any construction or other interpretation of the claims of the '054 Patent asserted, alleged or otherwise proposed by ASSI in the context of future patent infringement litigation (which, includes, without limitation, any reopening or other proceedings in this Lawsuit initiated after entry of this Consent Judgment) where such objection, contest, advocacy, traversal, or other challenge relies, in whole or in part, on arguments, assertions, statements or other allegations of invalidity or unenforceability of any of the claims of the '054 Patent.

12. If during any future patent infringement litigation (which, includes, without limitation, any reopening or other proceedings in this Lawsuit initiated after entry of this Consent Judgment) between ASSI and Safezone, ASSI asserts, alleges or otherwise proposes a construction of one or more of the claims of the '054 Patent such that said claim (or claims), being so construed, would be, due to the scope or reach of said construction, technically invalid or unenforceable either:

    a. under 35 U.S.C. § 102, but only in view of prior art printed publications Of Record (where "Of Record" means prior art printed publications cited in the prosecution history of the '054 Patent, or of any of the other three patents-in-suit (namely, U.S Pat. Nos. 7,091,848; 7,193,501; and, 7,518,484; collectively, the "Other Patents in Suit") as of the Effective Date of the Settlement Agreement, and prior art printed publications disclosed or

produced under the Court's Case Management Order (Rec. Doc. 41, as amended by Rec. Docs. 48, 53, 72 and 94, collectively, "the CMO") in connection with the named defendants' respective invalidity contentions); or

b.  under an argument of invalidity under 35 U.S.C. § 112;

then ASSI shall not be entitled to said construction, and Safezone shall be entitled to have said construction stricken from ASSI's proposed claim construction or otherwise reformed such that said construction is no longer invalid or unenforceable under subparts (a) or (b) above.  The foregoing notwithstanding, before Safezone takes any action to strike or otherwise reform part or all of ASSI's asserted, alleged or otherwise proposed claim construction pursuant to this paragraph, Safezone must provide ASSI with: (i) written notice of Safezone's objection, including a detailed written description of the basis for said objection (including, without limitation, if under subpart (a) above, for each single reference an element-by-element analysis showing how each element of the asserted, alleged or otherwise proposed claim construction is anticipated by said single reference; and, if under subpart (b) and further alleging invalidity due to vagueness or indefiniteness, said detailed written description shall expressly state, to the extent possible, the specific language in the specification and claims of the '054 Patent on which Safezone bases its objection), and (ii) for forty-five (45) days from delivery of said written notice, the opportunity to cure the basis of said objection (and, to the extent said forty-five day period is incompatible with, or otherwise conflicts with, any standing or other court order in any future litigation, ASSI may seek modification of said order to obtain the full forty-five day cure period set forth herein; and, further, Safezone shall consent, and does hereby consent, to the filing of any motion or other request for relief

ASSI may file in any such future litigation to obtain said full forty-five day cure period). For the avoidance of doubt, if ASSI proposes, alleges, argues or otherwise asserts a claim construction that triggers the condition above, such proposal, allegation, argument or otherwise assertion shall not be, and shall not be construed to be, a breach or other violation of the terms of this Consent Judgment or of the Settlement Agreement, or serve to rescind, dissolve, nullify or otherwise terminate this Consent Judgment or the Settlement Agreement; and, Safezone's sole, only and exclusive recourse and remedy in the event that ASSI proposes, alleges, argues or otherwise asserts such a claim construction is as set forth in this paragraph.

13. For the avoidance of doubt, the provisions of paragraphs 9 through 12 herein shall apply to the '054 Patent as it may be amended in the future via certificate of reexamination, via reissue or via other procedure; and the provisions of paragraphs 9 through 12 shall be binding on any entity which now or in the future owns or Controls the '054 Patent. Further, no allegation, argument, declaration or other statement made by or on behalf of ASSI in any oath, declaration, correspondence, pleading, remarks or other instrument or document filed with the United States Patent and Trademark Office for or in connection with an application for reissue of the '054 Patent (as per the requirements of 37 C.F.R. § 1.175, as currently enacted, or any similar regulation that might be enacted in the future) shall modify, rescind, dissolve, terminate or nullify, or serve as any basis or grounds whatsoever to modify, rescind, dissolve, terminate or nullify, all or any part of this Consent Judgment or the Settlement Agreement.

C.   LICENSE

14.a.   Safezone is granted a nonexclusive, royalty bearing, worldwide, irrevocable license to the ASSI Patents, to make, have made, use, offer for sale, sell, distribute or otherwise commercialize any article of manufacture, product, service, component or matter, and, associated with any such article of manufacture, product, service, component, or matter, to practice and have practiced any method, process or procedure that falls outside of the Safe Harbor and that infringes any ASSI Patent.  Except as assigned by Safezone with the assignment of the Settlement Agreement, in whole, to any person or entity, by way of merger, acquisition, Sale, or transfer of substantially all of its business or assets pertaining to the subject matter (to wit: the SWE business) of the Settlement Agreement, provided that said assignee fully assumes and is bound to all of Safezone's obligations, covenants, liabilities, commitments and other undertakings under, and arising under, the Settlement Agreement and this Consent Judgment,  this license to Safezone cannot be sublicensed or assigned to a third party for its own independent commercialization, use or for any other purpose whatsoever.

14.b.   Where a given SWE falls within the scope of the license granted herein, ASSI shall not pursue, collect or attempt to collect from any third party any remedies, royalties, or other compensation associated with said SWE without first attempting to collect the applicable royalty payment from Safezone and giving Safezone the reasonable opportunity to pay.  Where a given SWE falls within the scope of the license granted herein, once ASSI has collected from Safezone the applicable royalty payment associated with said SWE in use on a given day, ASSI shall not pursue, collect, or attempt to collect, from any third party any remedies, additional royalties, or other compensation related to said SWE for said day.  Any royalty payment made by Safezone under this License shall not be construed as

7

an admission by Safezone that, or as any indication that, a given SWE for which said royalty payment is made infringes an ASSI Patent.

14.c.   The royalty rate for the license granted in this paragraph 14 shall be as follows:

    (i)   if ASSI alleges infringement of one or more of the ASSI Patents for that which falls within the scope of the license granted herein, and Safezone pays all of the royalties related to said alleged infringement (including royalties for any SWE that is materially identical to the SWE which is the subject of said allegations) without ASSI filing a complaint, counter-claim or other suit based on said allegations, the royalty rate associated with said alleged infringing activities shall be $800 per day for the first SWE on a single work site (e.g. a single oil platform would constitute a single work site) and $650 per day for each additional SWE located on said work site at the same time as said first SWE (the rates set forth herein shall be increased annually (each January 1st, beginning on January 1, 2013) based on any increases in the Producer Price Index);

    (ii)   if ASSI alleges infringement of one or more of the ASSI Patents for that which falls within the scope of the license granted herein, and Safezone does not pay all of the royalties related to said alleged infringement (including royalties for any SWE that is materially identical to the SWE which is the subject of said allegations) prior to ASSI filing a complaint, counter-claim or other suit based on said allegations, the royalty rate associated with said alleged infringing activities shall be one-and-one-half times (1.5X) the royalty stated in paragraph 14(c)(i) (nothing in this paragraph is intended to, or should be construed to, impose an increase of any payments already made to ASSI by Safezone).

14.d.   For the avoidance of doubt, for the purposes of paragraph 14(c) above, a SWE is considered to be on the same "work site at the same time" as another SWE if Hot Work is performed inside of each respective SWE on the same calendar day.  Safezone has the burden of proving that, for any given SWE, Safezone is entitled to the rate based on $650 (whether under paragraph 14(c)(i), by 1.5X multiplier under paragraph 14(c)(ii), or if applicable by the multiplier set forth in paragraph 14(k)).  As to whether Hot Work is performed inside of each respective SWE on the same calendar day, Safezone shall be deemed to have satisfied its burden of proof if such Hot Work on the same calendar day is reflected in either Safezone's Daily Work Tickets or a record listed in paragraph 14(j)(2)(i) or 14(j)(2)(iii).  "Daily Work Ticket" means a document, associated with Hot Work performed in a given SWE on a given day.

14.e.   For a given SWE, the days for which any applicable royalties accrue shall be the number of days on which Hot Work is actually conducted in the SWE, plus five (5) additional days (the "Five Stipulated Days").  The days on which Hot Work is actually conducted in the SWE shall be based on either Safezone's Daily Work Tickets or a record listed in 14(j)(2)(i) or 14(j)(2)(iii) (and if more than one of such records exist, such records shall be viewed in the following order of priority: 14(j)(2)(iii), 14(j)(2)(i) and Daily Work Tickets).  The daily royalty rate to be applied to the Five Stipulated Days for a given SWE is the average daily royalty rate applied to said SWE under paragraph 14(c), or if applicable 14(k), herein for the days on which Hot Work is conducted within said SWE.

14.f.   If Safezone uses an SWE that does not fall within the Safe Harbor, then the applicable royalty set forth in this paragraph 14 shall be the sole, only and exclusive recourse and remedy that ASSI is entitled to seek for patent infringement.  ASSI shall not be entitled

9

to, nor shall it seek, any remedy for patent infringement other than the applicable royalty set forth in this paragraph 14.  For the avoidance of doubt, ASSI shall not be entitled to, nor shall it seek, any type of equitable relief for patent infringement, including injunctive relief and attorney fees.

14.g.   For the avoidance of doubt, if ASSI, after alleging infringement of the one or more of the ASSI Patents by Safezone and after satisfying all other provisions of this paragraph 14, files a complaint, counter-claim or other suit based on said alleged infringement, Safezone, in addition to not enjoying the royalty structure of paragraph 14(c)(i) herein for the infringing activities specifically alleged in ASSI's allegations (the "Suit Infringements"), shall not enjoy the royalty structure of paragraph 14(c)(i) herein as to any other SWE that is materially identical to the SWE which is the subject of said complaint, counter-claim or other suit (collectively, "Materially Identical Infringements"); and, for the avoidance of doubt, the royalty structure for both said Suit Infringements and said Materially Identical Infringements shall be as stated in paragraph 14(c)(ii), and, if applicable, in paragraph 14(k).

14.h.   Subject to Safezone compliance with paragraph 14(g) herein, if Safezone pays all of the royalties to ASSI which are owed by Safezone for any given alleged infringement of one or more of the ASSI Patents, including for any infringement related to Other Materially Identical SWEs (as defined in paragraph 14(i) below), then ASSI shall either: (a) forebear from filing a complaint, counter-claim or other suit for said alleged patent infringement (if payment is received by ASSI prior to ASSI filing suit) but with reservation of ASSI's claims for Safezone non-compliance with paragraph 14(g); or, (b) dismiss with prejudice patent infringement claims (but with reservation of ASSI's claims for Safezone non-

compliance under paragraph 14(g)) in any complaint, counter-claim or other suit ASSI filed against Safezone for said alleged patent infringement (if payment is received by ASSI after ASSI files suit).

14.i.   If Safezone receives an Original Notice from ASSI, and Safezone agrees to pay the applicable royalties pursuant to the above provisions of this paragraph 14, or if Safezone pays any monies to ASSI in response to said Original Notice, Safezone shall disclose to ASSI any and all instances wherein a SWE that is materially identical to the SWE which is the subject of ASSI's allegations has been used since the Effective Date by Safezone and Its Interests and on which the royalty is not contemporaneously paid ("Other Materially Identical SWE's").   Safezone shall make said disclosure as part of, and in conjunction with, any payment made pursuant to the above various provisions of this paragraph 14.   Provided that ASSI has satisfied all other provisions of this paragraph 14, if Safezone fails to disclose any Other Materially Identical SWE's, ASSI shall, subject to paragraphs 14(g), 14(l), and 14(m), retain the right to assert claims against Safezone based on said unreported Other Materially Identical SWE's, and the royalty rate established by paragraph 14(k) shall apply, and ASSI shall also be entitled to the other rights under paragraph 14(k).

14.j.   ASSI shall, as of the Effective Date and upon reasonable notice to Safezone, have the right (not more than once annually) to engage an independent auditor, at ASSI's expense, to inspect, audit, and/or copy Safezone's books and records covering all transactions subject to this license in order to determine whether all provisions of this license have been met, said right to audit subject to the following terms and conditions:

(1)     Except as otherwise set forth in paragraph 14(j)(4), the Parties agree that all information and records obtained in any audit conducted pursuant to this paragraph 14 shall be kept confidential by the auditor and shall not be reported to ASSI or otherwise made available to ASSI; however, for the avoidance of doubt, nothing herein shall limit ASSI's rights to discovery under the Federal Rules of Civil Procedure.  Prior to any and all audit(s), ASSI shall cause the auditor to execute the Confidentiality and Nondisclosure Agreement attached to the Settlement Agreement as Exhibit V, and ASSI shall provide the executed Confidentiality and Nondisclosure Agreement to Safezone.

(2)     As of April 6, 2012, Safezone shall maintain in its records, at least one of the following: (i) a completed document for each and every day that Hot Work is performed in a given SWE, which document is either (a) materially identical to the form attached to the Settlement Agreement as Exhibit W or (b) a New Approved Form (put another way, for each and every SWE, Safezone shall maintain a separate form materially identical to the form attached to the Settlement Agreement as Exhibit W or to a New Approved Form corresponding to each and every day of Hot Work performed in each specific SWE); (ii) photographs of a given SWE *in situ* in the configuration used to perform Hot Work (where such photographs show enough detail to determine whether said SWE (a) satisfies the requirements of the Safe Harbor and (b) is a Materially Identical Infringement or an Other Materially Identical SWE (as those terms are defined in paragraph 14 herein); or, (iii) a statement, signed by an executive officer of Safezone, certifying that, to the best of said officer's knowledge after

reasonable investigation, a given SWE met the requirements of the Safe Harbor as set forth in the Settlement Agreement on each and every day during which Hot Work was performed in said SWE (where said statement shall state the number of days during which Hot Work was performed in said SWE).  Safezone shall have the right, but not the obligation, to submit any form (a "New Form") to ASSI for ASSI's approval of the New Form as a form which fulfills the purposes of the form attached to the Settlement Agreement as Exhibit W in paragraph 14(j)(2)(i) (and any related provisions in the Settlement Agreement or the Consent Judgment), which approval shall not be unreasonably withheld;  if, within 30 days of ASSI's receipt of Safezone's request for approval, ASSI does not provide to Safezone ASSI's written disapproval of the New Form, then the New Form shall be deemed approved by ASSI and the New Form shall be a "New Approved Form."  A failure of Safezone to submit a form to ASSI for approval shall have no impact on, and shall not be used as evidence for, the determination of whether said form is materially identical to the form attached to the Settlement Agreement as Exhibit W for the purposes of paragraph 14(j)(2)(i).  Safezone shall make a good faith effort to maintain, in its records, Daily Work Tickets where such tickets exist.  For the purposes of paragraph 14(j)(2)(i), materially identical includes, but is not limited to, a document identical to the document attached to the Settlement Agreement as Exhibit W if it includes identical verbiage to that included in said Exhibit but replaces the diagram included in said Exhibit with any of the diagrams included in Exhibits C through U attached to the Settlement Agreement.  In no event shall Safezone have an obligation to keep or maintain

any document under this paragraph 14(j)(2) for a period of more than three (3) years.

(3)    In the event that Safezone fails to maintain the required records as set forth in the preceding paragraph, Safezone shall pay to ASSI twenty-five (25%) percent of the audit expense (up to a maximum of five-thousand ($5,000) dollars) ASSI incurs in association with the particular audit during which the failure to maintain records is first discovered.  This payment shall be ASSI's sole remedy in the event of a failure by Safezone to maintain records as per the terms and conditions of this paragraph 14(j); and, no legal presumption shall be attributed to Safezone's failure to maintain documents as per the requirements of this paragraph 14(j).  For the purposes of paragraph 14(j), "audit expense" means money ASSI pays out-of-pocket to the auditor in association with a given audit.

(4)    Upon completion of the audit, the auditor shall contemporaneously provide to ASSI and Safezone separate copies of a single written report in conformance with paragraph 4 of the instrument attached to the Settlement Agreement as Exhibit V (provided that the foregoing does not limit the auditor's right under Section 5 of the instrument attached to the Settlement Agreement as Exhibit V).

(5)    In the event that the auditor determines that any applicable royalty payments from Safezone to ASSI are deficient, Safezone shall promptly remit said deficiency to ASSI to the extent that the auditor's determination is correct; any disputed deficiency to be resolved under Section 16 of the Settlement Agreement.  If the deficiency exceeds five (5%) percent, Safezone shall pay the entire audit expense

14

(where said deficiency shall be calculated (as a percentage) as follows: deficiency = (1 – (total amount paid/total amount should have paid)) X 100).

(6)     The right to audit pursuant to this paragraph 14(j) shall terminate two (2) years following the termination of this license.

(7)     The right to audit shall be subject to Safezone's approval of the auditor, said approval shall not be unreasonably withheld or delayed.

14.k.   Subject to paragraphs 14(l) and 14(m), in any instance where ASSI files a complaint, counter-claim or other suit against Safezone alleging infringement of the '054 Patent by Safezone, and as a result of said complaint, counter-claim or other suit ASSI either obtains a judgment of infringement as to a given allegedly infringing system (either via final adjudication or via settlement) or obtains a settlement with Safezone in which Safezone agrees or consents to pay ASSI royalties in connection with said alleged infringement, any given further use (i.e., use subsequent to said judgment or settlement) by Safezone of said allegedly infringing system, or any Other Materially Identical SWE's, without payment of any applicable royalties within ninety (90) days of Safezone receiving payment (in whole or in part) for said given further use, shall result in a 3X multiplier of the applicable royalty rate for said given further use; the foregoing notwithstanding, if payment of any applicable royalties for said given further use is not made within six (6) months of completion of Hot Work within any such SWE, the aforementioned 3X multiplier shall apply.  Likewise, the royalty rate associated with any given Other Materially Identical SWE's shall be multiplied by 3X.  Nothing in this paragraph is intended to, or should be construed to, impose an increase of any payments already made to ASSI by Safezone.

14.l.   ASSI shall be required to provide Safezone with sixty (60) days written notice prior to filing any suit alleging infringement of the ASSI Patents, where such notice shall be confidential (subject to any applicable SEC rules or regulations) and shall include non-cumulative, non-privileged, discoverable (in a litigation setting) evidentiary support—sufficient to meet the requirements for filing a Complaint under the Federal Rules of Civil Procedure ("FRCP") and applicable case law (including, without limitation, the requirement to conduct an adequate pre-filing investigation)—for ASSI's decision to file suit (the "Original Notice").  The Original Notice shall further include a privilege log – sufficient to meet the requirements of the FRCP, including FRCP 26(b)(5)(A) – for evidentiary support that is withheld as privileged or undiscoverable and that is required to meet the above stated threshold; however, in no event will ASSI be required to list documents dated earlier than the later of either: the Effective Date, or the date eighteen (18) months prior to the date notice is given under this provision.  For the avoidance of doubt, if, after receiving the Original Notice, Safezone files a complaint for declaratory judgment prior to ASSI filing suit, Safezone shall lose the benefit of settling at the royalty rate set forth in paragraph 14(c)(i), and the applicable royalty rate shall be deemed to be that stated in paragraph 14(c)(ii), or if applicable, paragraph 14(k).

14.m.  A breach or violation of the notice provisions in this paragraph 14 shall not serve to rescind, dissolve, nullify or otherwise terminate the Settlement Agreement or this Consent Judgment, and Safezone's sole, only and exclusive recourse and remedy for a breach or violation of this provision shall be one of the following:

(i)     in the event that ASSI files suit without providing Safezone with any notice whatsoever, or files suit less than sixty (60) days after providing the Original

Notice or any Pre-Filing Supplemental Notice, the applicable royalty rate shall be reduced to half that stated in paragraph 14(c)(i) (however, the multiplier in paragraph 14(k) shall still be applied to said reduced rate, if applicable), provided that in the event ASSI has not filed suit within one-hundred twenty (120) days of providing the Original Notice or any Pre-Filing Supplemental Notice, then such Original Notice or Pre-Filing Supplemental Notice shall be void and a new Original Notice shall be required in order for ASSI to satisfy the notice provisions in this paragraph 14;

(ii)     in the event that ASSI provides the Original Notice, and prior to filing suit, ASSI notifies Safezone that certain information to which Safezone was, or may have been, entitled under this paragraph 14 was not provided with the Original Notice (the "Pre-Filing Supplemental Notice"), ASSI shall not file suit until sixty (60) days after providing the Pre-Filing Supplemental Notice;

(iii)    in the event that ASSI provides the Original Notice, but after filing suit, ASSI notifies Safezone (prior to Safezone notifying ASSI of a deficiency in the Original Notice or seeking relief from a court to enforce the provisions of paragraphs 14(l) or 14(m) for an alleged breach of paragraphs 14(l) or 14(m)) that certain information to which Safezone was, or may have been, entitled under this provision was not provided with the Original Notice (the "Post-Filing Supplemental Notice"), Safezone shall have thirty (30) days from delivery of the Post-Filing Supplemental Notice to settle the suit at a royalty rate 0.9 times the rate set forth in paragraph 14(c)(i); and, if after said thirty (30) day period Safezone does not elect to settle under the royalty rate of paragraph 14(c)(i), the

applicable royalty rate shall revert to that stated in paragraph 14(c)(ii), or, if applicable, paragraph 14(k);

(iv)    in the event that ASSI provides the Original Notice, but after filing suit, Safezone successfully shows, by clear and convincing evidence, that ASSI withheld material information to which Safezone was entitled as part of the Original Notice, then for a period of sixty (60) days after the date on which a court so finds, Safezone shall have the right to settle at a royalty rate between 0.7 times the paragraph 14(c)(i) rate (or, if applicable, paragraph 14(k)) and 0.9 times the paragraph 14(c)(i) rate (or, if applicable, paragraph 14(k)), as the court deems appropriate in view of the materiality of the information withheld and ASSI's good faith or lack thereof; and, if after said sixty (60) day period Safezone does not elect to settle under said reduced royalty rate, the applicable royalty rate shall revert to that stated in paragraph 14(c)(ii), or, if applicable, paragraph 14(k);

(v)    in the event that ASSI provides the Original Notice, but after filing suit, a court finds, as part of a FRCP 11 proceeding related to the adequacy of ASSI's pre-filing investigation, that ASSI did not meet the requirements of FRCP 11, then, in addition to any sanctions awarded in connection with said FRCP 11 ruling, Safezone shall have the right, for a period of sixty (60) days after the court's finding, to settle at a royalty rate between 0.7 times the paragraph 14(c)(i) rate (or, if applicable, paragraph 14(k)) and 0.9 times the paragraph 14(c)(i) rate (or, if applicable, paragraph 14(k)), as the court deems appropriate in view of the materiality of the information withheld and ASSI's good faith or lack thereof; and, after said sixty (60) day period, said royalty rate shall revert to that stated in

paragraph 14(c)(ii) (or, if applicable, paragraph 14(k)) if Safezone does not elect to settle under said reduced royalty rate.

14.n.  The license granted in this paragraph 14 shall remain in effect so long as at least one of the ASSI Patents In Suit remains valid and enforceable; or until Safezone voluntarily terminates the license by providing ASSI with forty-five (45) days prior express written notice of Safezone's desire to terminate the license.  This provision shall have no impact on the Safe Harbor or any other provision of this Consent Judgment or the Settlement Agreement unless specifically noted herein; and, for the avoidance of doubt, where ASSI obtains a judgment of infringement (whether before or after any license termination) of one or more of the ASSI Patents, no voluntary termination by Safezone under this paragraph 14 shall prejudice ASSI's rights to, or relieve Safezone's obligation to pay for infringement proven, the royalty rates set forth in this paragraph 14 or otherwise effect the royalty structure set forth in this paragraph 14.

D.  DISMISSAL

15. All claims asserted, or which could have been asserted, by ASSI against Safezone in the instant litigation, as well as any other claims, causes of action or demands of ASSI which in any way whatsoever arose during the course of the instant litigation or are based, in whole or in part, on events, occurrences or circumstances occurring or arising prior to the Effective Date, are dismissed with prejudice (including, without limitation, any claims whatsoever based on: any theory of antitrust (including, without limitation, *Walker-Process* fraud and patent misuse), unfair trade practices, trade secret misappropriation or unfair competition law; any Federal Rule of Civil Procedure (including, without limitation, Rules 11 and 41); any claim under 35 U.S.C. §§ 285 & 1927; any alleged

breach of that certain Confidentiality and Nondisclosure Agreement executed by ASSI and Safezone on or about June 18, 2010), each of ASSI and Safezone to bear its own costs and attorneys' fees. Any other terms herein notwithstanding, as to the claims of the '054 Patent and all of the claims of Other Patents in Suit, ASSI's dismissal of its patent infringement claims against Safezone in this suit is not, and shall not, in and of itself, be construed to be, any type of license or grant of rights (either under the doctrines of issue preclusion, claim preclusion or otherwise) whatsoever; and, further, the rights and remedies of Safezone with respect to the claims of the '054 Patent and the Other Patents in Suit shall be solely governed by the terms and provisions of this Consent Judgment and the Settlement Agreement.  All claims of patent infringement, unfair competition, or tort claims, which ASSI has, may have, or may claim to have against Safezone's customers, contractors, and sub-contractors, related to Safezone making, using, selling, offering to sell, importing, distributing, or otherwise commercializing SWEs on or before the Effective Date, are dismissed with prejudice.  For the avoidance of doubt, nothing in this paragraph 15 waives, releases, forgives, acquits, or otherwise discharges ASSI's rights or claims related to any making, using, selling, offering to sell, importing, distributing, or otherwise commercializing SWEs by Safezone after the Effective Date, even if said making, using, selling, offering to sell, importing, distributing, or otherwise commercializing SWEs began or resulted from sales, discussions, bids, offers or other transactions or activities that were initiated, occurred or otherwise arose prior to the Effective Date.

16. All counterclaims asserted, or which could have been asserted, by Safezone against ASSI in the instant litigation, as well as any other claims, causes of action or demands of

Safezone which in any way whatsoever arose during the course of the instant litigation or are based, in whole or in part, on events, occurrences or circumstances occurring or arising prior to the Effective Date, are dismissed with prejudice (including, without limitation, any claims whatsoever based on: any theory of antitrust (including, without limitation, *Walker-Process* fraud and patent misuse), unfair trade practices, trade secret misappropriation or unfair competition law; any Federal Rule of Civil Procedure (including, without limitation, Rules 11 and 41); any claim under 35 U.S.C. §§ 285 & 1927; any alleged breach of that certain Confidentiality and Nondisclosure Agreement executed by ASSI and Safezone on or about June 18, 2010), each of Safezone and ASSI to bear its own costs and attorneys' fees.

E.     PROTECTIVE ORDER

17. Notwithstanding the provisions of Part D, above, the provisions of the Protective Order issued by the Court on November 15, 2010 (Rec. Doc. 46) (the "Protective Order") shall remain in full force and effect after entry of this Consent Judgment, except that any claim or cause of action for, based on or related to allegations raised by counsel for Safezone in those certain emails sent by counsel for Safezone to counsel for ASSI, dated September 3, 2010 and September 8, 2010, shall be forever waived and dismissed with prejudice.

18. As between ASSI and Safezone, the Protective Order issued by the Court on November 15, 2010 (Rec. Doc. 46) (the "Protective Order") is hereby amended as follows:

a.     The requirement to return documents containing Confidential Information to Counsel under paragraph 16 of the Protective Order shall be deemed met if an authorized representative of the Discovering Party certifies in writing that all such documents have been deleted or destroyed. As to any backup tapes or other

similar backup media maintained as part of a party's information technology systems ("Backup Media"), certification that said Backup Media shall be deleted and/or overwritten in the ordinary course of business shall satisfy this paragraph.

b.    ASSI and Safezone shall not, and shall not have the right to, serve a written request for certification as provided under paragraph 17 of the Protective Order, and the Protective Order is hereby amended in conformance herewith.

c.    Any Consent signed by a Qualified Person shall be deemed to be effective as of the date of entry of the Protective Order, regardless of the date said Consent was actually executed.

F.    DEFINED TERMS

19.  To the extent any terms that are defined in the Settlement Agreement appear in this Consent Judgment, said terms shall be given the meaning set forth in the Settlement Agreement.


New Orleans, Louisiana this 9th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1
# Filed Under
# Seal